# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF TEXAS DALLAS DIVISION

| | | |
|---|---|---|
| EDN GLOBAL, INC. d/b/a EDN COMMUNICATION and JEROME EDMONDSON, | § § § § | |
| *Plaintiffs*, | § § | |
| v. | § § | Civil Action No. 3:23-CV-00355-X |
| AT&T, INC., AT&T MOBILITY SERVICES LLC, STEVE DRISCOLL, DOUG CLARK, and CHRISTOPHER SAMBAR, | § § § § § § | |
| *Defendants*. | § § | |

## DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO EXTEND DEADLINE TO RESPOND TO MOTION TO DISMISS

In accordance with the Court's Order entered June 15, 2023 [Doc. 50], Defendants respectfully notify the Court that they oppose Plaintiffs' motion for leave to extend the deadline to respond to Defendants' amended motion to dismiss [Doc. 48] (the "Motion to Extend") and submit the following response:

### BACKGROUND

This constitutes Plaintiffs' second action against AT&T and others arising out of a written Agreement between the parties that ended in 2019. *See* Mem. in Supp. of Defs.' Am. Mot. to Dismiss [Doc. 34] ("Mem."), at 4–5. After AT&T removed the first action from Georgia state court, effectuated transfer to this

Court, and filed multiple motions, Plaintiffs voluntarily dismissed that action on their deadline for responding to AT&T's motion to dismiss. *See id.*; Doc. 1-6, at 7.

Plaintiffs then filed this second action in Georgia state court, which Defendants again removed, again moved to dismiss, and again moved to transfer to this Court. *See* Mem., at 5–6. In Georgia federal court, Plaintiffs requested, and Defendants agreed, to three consecutive extensions of time for Plaintiffs to respond to Defendants' motion to dismiss. *Id.* at 6. The Georgia court denied Plaintiffs' motion to remand and granted Defendants' motion to transfer to this Court in accordance with the Agreement's forum selection clause. *See id.* at 6–7.

Following transfer, the Court repeatedly ordered Plaintiffs to identify appropriate local counsel. [Docs. 21, 23, 30.] On April 10, 2023, Texas attorney David Medina entered an appearance and began receiving ECF notifications along with Plaintiffs' other attorneys (Reginald Greene and Theresa Seals-Starke). [Doc. 29.]

Four days after Medina appeared, the Court denied Defendants' motion to dismiss without prejudice, ordering Defendants to re-file an amended motion to dismiss supported by Fifth Circuit authorities by May 12, 2023. [Doc. 32.] Plaintiffs' attorneys all received electronic notice of this Order. [*Id.*]

Defendants' Amended Motion to Dismiss [Doc. 33] argued that all of Plaintiffs' claims are barred by the two-year contractual limitations period in the

- 2 -

parties' Agreement and reiterated the grounds for dismissal that the parties fully briefed while this case was pending in Georgia. *See* Mem. at 8–25. Again, Plaintiffs' attorneys all received electronic notice of the Amended Motion to Dismiss.[1]

Plaintiffs' deadline to respond to Defendants' Amended Motion to Dismiss expired on June 2, 2023. *See* L.R. 7.1(e). On June 13, 2023, counsel for Plaintiffs asked counsel for Defendants to consent to the Motion to Extend and mentioned Plaintiffs might also seek leave to amend their complaint. Defendants' counsel stated she needed to consult with her clients regarding Plaintiffs' request.

The next day, Plaintiffs filed the Motion to Extend [Doc. 48] as well as a Motion for Leave to File an Amended Petition [Doc. 47]. The "Certificate of Conference" for each motion acknowledged that Plaintiffs' counsel "ha[d] not received a response from Defendant's counsel regarding whether the Defendants are opposed or unopposed to this motion." [*See id.* at 3.] The Court denied Plaintiffs' Motion for Leave to File an Amended Petition [Doc. 49] and ordered Defendants to respond to Plaintiffs' Motion to Extend by June 20 [Doc. 50].

---

[1] The Amended Motion to Dismiss noted that Plaintiffs had not complied with this Court's local counsel requirements. *See* Mem., at 1 n.1; *see also id.* at 7. Thirteen days later, Plaintiffs moved for leave to be excused from this Court's local counsel requirement, which the Court granted. [Docs. 35, 36.]

## ARGUMENT AND CITATIONS OF AUTHORITY

After a filing deadline has expired, "it may be extended only upon a party's motion and only if the court finds that 'the party failed to act because of excusable neglect.'" *L.A. Pub. Ins. Adjusters, Inc. v. Nelson*, 17 F.4th 521, 524 (5th Cir. 2021) (quoting Fed. R. Civ. P. 6(b)(1)(B)). "The determination of what is 'excusable' is 'at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission.'" *McCarty v. Thaler*, 376 F. App'x 442, 444 (5th Cir. 2010) (quoting *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993)). Relevant circumstances "include but are not limited to 'the danger of prejudice to the [opposing party], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith.'" *L.A. Pub. Ins. Adjusters*, 17 F.4th at 525 (quoting *Pioneer*, 507 U.S. at 395).

In the Fifth Circuit, "a misconstruction of the rules—especially when their language is plain—will rarely satisfy the 'excusable neglect' standard." *Halicki v. La. Casino Cruises, Inc.*, 151 F.3d 465, 469 (5th Cir. 1998) (citing *Pioneer*, 507 U.S. at 392). Where a district court finds a misapplication of an unambiguous rule to be inexcusable, that determination is "virtually unassailable" on appeal. *Id.* at 470; *see Midwest Emps. Cas. Co. v. Williams*, 161 F.3d 877, 879–80 (5th Cir. 1998). A lack

of prejudice to the opposing party alone does not establish excusable neglect in the absence of an adequate explanation by the moving party for its delay.[2]

In *State Farm Life Ins. Co. v. Bryant*, No. 3:18-CV-1628-L, 2020 WL 2812866, at *2 (N.D. Tex. May 30, 2020), this Court ordered a party to explain its excusable neglect in failing to timely respond to a motion to dismiss. Following transfer of the case to a different judge, the Court ruled that the party—who had a history of "fail[ing] to comply with the Federal Rules of Civil Procedure and Local Rules that ha[d] delayed the proceedings in this case"—failed to establish excusable neglect. 2020 WL 2812866, at *3. Because the rules governing the computation of time are "straightforward and unambiguous," mere "inadvertence, ignorance, or misinterpretation of applicable rules" could not constitute "excusable neglect." *Id.* at *5 (citing *Midwest Emps. Cas. Co.*, 161 F.3d at 885).

Here, Plaintiffs' Motion to Extend does not dispute that Local Rule 7.1(e) unambiguously sets a 21-day deadline. Nor do Plaintiffs offer an excuse or even

---

[2] *See, e.g.*, *Halicki*, 151 F.3d at 469 (rejecting argument that "misconstruction of procedural rules *necessarily* should result in a finding of 'excusable neglect' where no prejudice results to the opposing party"); *Midwest Emps. Cas. Co.*, 161 F.3d at 879–80 (holding "magistrate judge abused his discretion in granting [movant] additional time to file notice of an appeal" where judge relied solely upon lack of prejudice to opposing party and movant's misreading of the relevant rule to find excusable neglect); *In re Artho*, 621 B.R. 123, 129 (N.D. Tex. 2020) (finding no excusable neglect despite absence of prejudice and good faith of movant where no sufficient reason for delay had been provided).

an explanation for their failure to timely respond to the Amended Motion to Dismiss. To the contrary, Plaintiffs state only that they "identified" the Amended Motion to Dismiss to which they failed to respond when reviewing the docket in connection with an unrelated filing. Plfs.' Mot. to Extend, at 1. While Plaintiffs briefly argue Defendants would not suffer "prejudice" if the Court grants the Motion to Extend, Plaintiffs do not otherwise address the factors governing the determination of excusable neglect. *See id.* at 1–2. Plaintiffs also do not dispute their counsel received electronic notice of the Court's Order directing Defendants to file an Amended Motion to Dismiss [Doc. 32], Defendants' Amended Motion to Dismiss [Doc. 33], and Defendants' Memorandum in Support [Doc. 34].[3] That Plaintiffs moved for leave to be excused from the Court's local counsel requirement flagged in Defendants' Amended Motion to Dismiss (*see* Mem. at 1 n.1, 7) further suggests that Plaintiffs had reviewed the Amended Motion to Dismiss before the deadline expired.

Moreover, whereas excusable neglect authorities usually address the reasonableness and plausibility of the movant's proffered excuse for the delay, Plaintiffs offer this Court no explanation whatsoever for their failure to file a

---

[3] *See, e.g.*, *Hernandez v. Univ. of Texas-Pan Am.*, 729 F. App'x 340, 342 (5th Cir. 2018) (finding neglect inexcusable despite minimal prejudice where party was "represented by multiple lawyers").

timely response to the Amended Motion to Dismiss.[4] Plaintiffs appear to assume an entitlement to an after-the-fact extension and as much time as they want. Because Plaintiffs' assertions in their Motion to Extend "do not so much show excusable neglect as they show a party seeking to set [its] own deadlines," *McCarty*, 376 F. App'x at 444, the Court should deny the Motion to Extend.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court deny Plaintiffs' Motion to Extend [Doc. 48].

Respectfully submitted this 20th day of June, 2023.

/s/ Christin J. Jones
Christin J. Jones
Texas Bar No. 24070017
Maeghan E. Whitehead
Texas Bar No. 24075270
KILPATRICK TOWNSEND &
   STOCKTON LLP
2001 Ross Avenue, Suite 4400
Dallas, TX 75201
Telephone: (214) 922-7100
Facsimile: (214) 922-7101
cjones@kilpatricktownsend.com
mewhitehead@kilpatricktownsend.com

---

[4] Other than discussing the purported lack of prejudice to Defendants, Plaintiffs only state: "Good cause exists because Plaintiffs and its local counsel have attempted to be diligent in complying with the local rules and the FRCP after the case was transferred to this court." Plf.'s Mot. to Extend, at 2.

>Burleigh L. Singleton
>Georgia Bar No. 649084 (admitted *pro hac vice*)
>Jennifer L. Cotton
>Georgia Bar No. 520708 (admitted *pro hac vice*)
>KILPATRICK TOWNSEND &
>   STOCKTON LLP
>1100 Peachtree Street, Suite 2800
>Atlanta, Georgia 30309
>Telephone: (404) 815-6500
>Facsimile: (404) 815-6555
>bsingleton@kilpatricktownsend.com
>jcotton@kilpatricktownsend.com
>
>*Counsel for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on this day, I filed a copy of the foregoing document with the Clerk of Court using the CM/ECF system, which will automatically send notice of the filing to all parties of record.

/s/ Christin J. Jones
Christin J. Jones
