UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| EDN GLOBAL INC & JEROME EDMONDSON | § § § | |
| *Plaintiffs,* | § § § | Civil Action No. 3:23-CV-0355-X |
| v. | § § | |
| AT&T MOBILITY SERVICES LLC et al., | § § § | |
| *Defendants.* | § § § | |

**MEMORANDUM OPINION AND ORDER**

Before the Court are a plethora of sealing motions. (Docs. 135, 161, 162, 191, 192, 194, 195, 198, 199, 200, 201, 204, 205, 216, 217, 218, 219, 220, 221, 222, 229, 230, 231, 232, 233, 234). The Court's omnibus order is the result of a page-by-page, line-by-line analysis weighing the public's right of access against the interests favoring nondisclosure. Such analysis "is not easy, but it is fundamental" to securing the public's right of access to judicial records.[1] Having carefully considered the motions, the Court now makes the following rulings regarding the sealing requests.

## I.    Legal Standard

The Court takes very seriously its duty to protect the public's access to judicial records.[2] Transparency in judicial proceedings is a fundamental element of the rule of law—so fundamental that sealing and unsealing orders are immediately

---

[1] *June Med. Servs. v. Phillips*, 22 F.4th 512, 521 (5th Cir. 2022).

[2] *See Binh Hoa Le v. Exeter Fin. Corp.*, 990 F.3d 410, 418 (5th Cir. 2021).

appealable under the collateral-order doctrine.[3]  The public's right to access judicial records is independent from—and sometimes even adverse to—the parties' interest.[4] That's why the judge must serve as the representative of the people and, indeed, the First Amendment, in scrutinizing requests to seal.

Litigants may have a legitimate interest in confidential discovery secured by a protective order under Federal Rule of Civil Procedure 26(c).  However, "[t]hat a document qualifies for a protective order under Rule 26(c) for discovery says nothing about whether it should be sealed once it is placed in the *judicial record*."[5]  Here, the parties conducted discovery under a Rule 26(c) protective order and marked various documents "confidential."  Now that a party wishes to file some of those documents under seal on the judicial record, a much more strenuous standard kicks in.

"To decide whether something should be sealed, the court must undertake a document-by-document, line-by-line balancing of the public's common law right of access against the interests favoring nondisclosure."[6]  The presumption against sealing is even greater where, "the case involves matters of particularly public interest."[7]  If the Court seals information, it must give sufficient reasons to allow for appellate review.[8]  Finally, "[p]ublicly available information cannot be sealed."[9]

---

[3] *June Med. Servs.*, 22 F.4th at 519.

[4] *Id.*

[5] *Id.* at 521.

[6] *Id.* (cleaned up).

[7] *Id.* at 520 (cleaned up).

[8] *Binh Hoa Le*, 990 F.3d at 419.

[9] *June Med. Servs.*, 22 F.4th at 520.

## II.   Application

### A. Docs. 134, 135

Defendants AT&T Mobility Services LLC; AT&T Enterprises, LLC; and AT&T Inc. (collectively "AT&T") move for leave to file under seal (Doc. 135) two exhibits attached to Plaintiffs EDN Global, Inc. d/b/a EDN Communication and Jermone Edmondson's (collectively "EDN") Reply in Support of Motion for Reconsideration (Doc. 134).

In support of nondisclosure, AT&T makes two arguments.   First, the documents contain sensitive and detailed financial information that AT&T has never publicly disclosed which could cause AT&T competitive harm.[10]   Second, the documents contain specific amounts, dates, and corresponding task orders for payments made to AT&T under the FirstNet Contract, all of which constitute confidential information to a third party.[11]

Courts have consistently held that documents containing "private financial information" may be sealed if the movant makes "specific allegations regarding competitive harm."[12]

The Court finds the interests in support of nondisclosure outweigh the public's common law right of access to the information at issue here.   The documents contain AT&T's private financial information, and AT&T has explained that disclosing such

---

[10] Doc. 135 at 6.

[11] *Id.*

[12] *Bennett v. Douglaston Realty Mgmt. Corp.*, No. 3:24-CV-2787-S, 2025 WL 2443385, at *1–2 (N.D. Tex. Aug. 25, 2025) (Scholer, J.) (citing, *inter alia*, *Vantage Health Plan, Inc. v. Willis-Knighton Med. Ctr.*, 913 F.3d 443, 451 (5th Cir. 2019)).

information would likely cause it competitive harm because "AT&T's FirstNet program is not the only service geared towards first responders."[13]  So the Court will seal the relevant exhibits.

Because "[t]he public's common law right of access is limited with respect to . . . confidential contracts that are not between the parties to this lawsuit," courts also consistently hold that "protecting the confidential information of third parties[ ] outweighs the public's common law right of access" to that information.[14]

For this additional reason, the Court finds that the interests in support of nondisclosure outweigh the public's common law right of access to the information at issue here.  The documents contain third parties' confidential information, and the FirstNet Contract specifically prohibits disclosure of any terms of the FirstNet Contract.[15]

Accordingly, the Court **GRANTS** AT&T's motion.  (Doc. 135).  The Court **DIRECTS** the Clerk's Office to unseal EDN's Reply in Support of Motion for Reconsideration and Exhibit C attached to the motion (Docs. 134, 134-3); however, Exhibits A and B attached to the motion shall remain under seal (Docs. 134-1, 134-2).

---

[13] Doc. 135 at 7. *See, e.g., Blue Yonder Grp., Inc. v. Kinaxis Inc.*, No. 3:20-CV-03636-K, 2024 WL 4796229, at *4 (N.D. Tex. May 30, 2024) (Kinkeade, J.) (sealing information about a company's market strategy that was not readily available to the public).

[14] *MIECO LLC v. Pioneer Nat. Res., USA, Inc.*, No. 3:21-CV-1781-B, 2022 WL 18034481, at *2 (N.D. Tex. Oct. 28, 2022) (Boyle, J.).

[15] Doc. 135 at 9.

**B. Docs. 161, 162**

EDN moves for leave to file under seal Plaintiffs' Response to Defendants' Expedited Motion for Protective Order and to Quash Plaintiffs' Deposition Notice along with the Appendix in Support. (Docs. 161, 162).

EDN filed this motion because its response and appendix contain citations to and quotes from Christopher C. Sambar and Ms. Melissa Ayala's deposition transcripts, which AT&T's counsel designated as confidential. The Court cannot conduct a "line-by-line" balancing of the public's right of access merely based on an assertion that some confidential information is buried within a deposition. A moving party must: (1) identify precisely what information (pages, lines, etc.) the party wants sealed; (2) conduct a line-by-line, page-by-page analysis explaining and briefing why the risks of disclosure outweigh the public's right of access; and (3) explain why no other viable alternative to sealing exists. EDN did not do that here—understandably as EDN disagrees with the designation of the depositions as confidential.

The Court emphasizes that redaction "is often practicable and appropriate as the least restrictive means of safeguarding sensitive information."[16]

The Court **DENIES** the motion, as the motion is facially insufficient under Fifth Circuit case law that governs the sealing of judicial records. The Court **ORDERS** AT&T to file a supplemental brief specifically identifying the challenged material and providing a line-by-line justification for each potential proposed redaction within 28 days of this Order. Failure to do so will result in the unsealing

---

[16] *United States v. Ahsani*, 76 F.4th 441, 453 (5th Cir. 2023)

of Docs. 161, 162.    The Court **INSTRUCTS** the Clerk's Office to keep the documents provisionally sealed, until such time as the Court instructs otherwise.

### C. Docs. 191, 206

AT&T also moves for leave to file under seal its Motion to Strike Expert Reports, Opinions, and Testimony of David Duski. (Doc. 191). AT&T has since filed a redacted version of its Motion to Strike. (Doc. 206-1). AT&T was precise about what it wanted sealed.[17] And AT&T explained that these excerpts contained private financial information which could cause competitive harm.[18]

The Court agrees that the redactions are narrowly tailored and limited to information for which interests in support of nondisclosure outweigh the public's common law right of access to the information at issue here.

Accordingly, the Court **GRANTS** the motion to the extent necessary to permit the redactions reflected in Doc. 206-1. And the Court **INSTRUCTS** the Clerk's Office to keep Doc. 191 under seal as the redacted version of this document is on public record at Doc. 206-1.

### D. Docs. 192, 193, 207

AT&T also moves for leave to file under seal its Appendix to Defendants' Motion to Strike Expert Reports, Opinions, and Testimony of David Duski. (Doc. 192). AT&T filed an appendix to the motion to seal in a separate docket entry (Doc. 193). AT&T has since filed a redacted version of Doc. 192-1 with additional

---

[17] Doc. 191, ¶2.

[18] *Id.*; 192, ¶¶6–8.

opposed redactions requested by EDN.  (Doc. 207-1).

EDN and AT&T both were precise about what they wanted sealed.[19]  AT&T did its part to explain why the risk of disclosure outweighs the public's right to know because these excerpts contained private financial information which could cause competitive harm.[20]  And the Court agrees.

However, EDN failed to do its part to explain why the risk of disclosure outweighs the public's right to know the information it seeks to seal.

Accordingly, the Court **GRANTS IN PART** motion for leave to the extent necessary to permit AT&T's proposed redactions reflected in Doc. 207-1 and **DENIES IN PART** the motion as to EDN's proposed redactions for EDN's failure to adequately explain why the interests favoring nondisclosure outweigh the public's common law right of access.  The Court **ORDERS** EDN to file a supplemental brief specifically identifying the challenged material and providing a line-by-line justification for each proposed redaction within 28 days of this Order.  Failure to do so will result in the unsealing of the disputed portions of Doc. 192-1.

Additionally, AT&T failed to be precise about what it wanted sealed in the appendix to the motion for leave nor did it explain why the risk of disclosure outweighs the public's right to know the information it seeks to seal. (Doc. 193).  The Court **ORDERS** AT&T to file a supplemental brief specifically identifying the challenged material and providing a line-by-line justification for the proposed

---

[19] Doc. 192, ¶4.

[20] *Id.* at ¶¶6–8.

redaction within 28 days of this Order.  Failure to do so will result in the unsealing of Doc. 193.

The Court **INSTRUCTS** the Clerk's Office to keep Docs. 192 and 193 provisionally sealed, until such time as the Court instructs otherwise.

### E.  Docs. 194, 208, 210

AT&T also moves for leave to file under seal its Memorandum in Support of Motion for Summary Judgment.  (Doc. 194).  AT&T has since filed a redacted version of Doc. 194-3 at EDN's request. (Doc. 208).  Neither party seeks to seal any portions of Doc. 194-1, which AT&T refiled at Doc. 210-1.

EDN was precise about what it wanted sealed in Doc. 194-3.[21]  However, EDN failed to explain why the risk of disclosure outweighs the public's right to know the information it seeks to seal.  The Court **ORDERS** EDN to file a supplemental brief specifically identifying the challenged material and providing a line-by-line justification for the proposed redaction within 28 days of this Order.  Failure to do so will result in the unsealing of the disputed portion of Doc. 194-3.

Accordingly, the Court **DENIES** AT&T's motion.  (Doc. 194).  The Court **DIRECTS** the Clerk's Office to unseal Docs. 194-1; however, Docs. 194, 194-3, 208, and 208-1 shall remain under seal until such time as the Court instructs otherwise.

### F.  Docs. 195, 196, 209

AT&T moves for leave to file under seal the Appendix to Defendants' Motion for Summary Judgment.  (Doc. 195).  AT&T filed a sealed appendix to its motion to

---

[21] Docs. 208, 208-1 at 20.

seal in a separate docket entry.  (Doc. 196).  AT&T has since filed a redacted version of its appendix.  (Doc. 209).

EDN and AT&T both were precise about what they wanted sealed.[22]  AT&T did its part to explain why the risk of disclosure outweighs the public's right to know because these excerpts contained private financial information which could cause competitive harm.[23]  And the Court agrees.

However, EDN failed to do its part to explain why the risk of disclosure outweighs the public's right to know.

Accordingly, the Court **GRANTS IN PART** the motion for leave to the extent necessary to permit AT&T's proposed redactions outlined in Doc. 195, ¶¶3–4 and **DENIES IN PART** as to EDN's proposed redactions for failure to adequately explain why the interests favoring nondisclosure outweigh the public's common law right of access.  The Court **ORDERS** EDN to file a supplemental brief specifically identifying the challenged material—including the materials AT&T agrees should be sealed— and providing a line-by-line justification for each proposed redaction within 28 days of this Order.  Failure to do so will result in the unsealing of the disputed portions of Docs. 195, 195-1, 195-2, 195-3, 195-4, 195-5, 195-6.

Additionally, AT&T failed to be precise about what it wanted sealed in the appendix to the motion for seal nor did it explain why the risk of disclosure outweighs the public's right to know the information it seeks to seal.  (Doc. 196).  The Court

---

[22] Docs. 195, ¶¶3–4; 209 at 2–3.

[23] Doc. 195, ¶¶6–8.

**ORDERS** AT&T to file a supplemental brief specifically identifying the challenged material and providing a line-by-line justification for the proposed redaction within 28 days of this Order.  Failure to do so will result in the unsealing of Doc. 196.

The Court **INSTRUCTS** the Clerk's Office to keep Docs. 195, 195-1, 195-2, 195-3, 195-4, 195-5, 195-6, and 196 provisionally sealed, until such time as the Court instructs otherwise.

### G. Docs. 198, 211

EDN also moves for leave to file under seal Plaintiffs' Brief in Support of Motion for Partial Summary Judgment Under Seal.  (Doc. 198).  EDN has since filed an unsealed brief stating neither AT&T nor EDN wish to seal any portion of Plaintiffs' Brief in Support of Motion for Partial Summary Judgment. (Doc. 211).

Accordingly, the Court **FINDS AS MOOT** the motion at Doc. 198.  The Court **INSTRUCTS** the Clerk's Office to remove the provisional seal of Docs. 198, 198-1.

### H. Docs. 199, 213

EDN also moves for leave to file under seal Plaintiffs' Brief in Support of Motion for Partial Summary Judgment Appendix Under Seal.  (Doc. 199).  EDN has since filed a redacted version of its brief at AT&T's request.  (Doc. 213).

AT&T was precise about what it wanted sealed.[24]  However, AT&T failed to explain why the risk of disclosure outweighs the public's right to know the information it seeks to seal.  The Court **ORDERS** AT&T to file a supplemental brief providing a line-by-line justification for each proposed redaction within 28 days of

---

[24] Docs. 213, 213-1 at 87.

10

this Order.  Failure to do so will result in the unsealing of the disputed portions of Doc. 199-1.

Accordingly, the Court **DENIES** EDN's motion.  (Doc. 199).  The Court **DIRECTS** the Clerk's Office to maintain the provisional seal of Docs. 199, 199-1 until such time as the Court instructs otherwise.

## I.  Docs. 200, 214

EDN also moves for leave to file under seal Plaintiffs' Motion to Exclude Opinions, Testimony, and Expert Report of Defendants' Expert Barry L. Bell and Brief in Support.  (Doc. 200).  EDN has since stated that neither AT&T nor EDN wish to seal any portion of Plaintiffs' Motion to Exclude Opinions, Testimony, and Expert Report of Defendants' Expert Barry L. Bell and Brief in Support. (Doc. 214).

Accordingly, the Court **FINDS AS MOOT** the motion at Doc. 200.  The Court **INSTRUCTS** the Clerk's Office to remove the provisional seal of Docs. 200, 200-1.

## J.  Docs. 201, 212

EDN also moves for leave to file under seal its Appendix in Support of Plaintiffs' Motion to Exclude Opinions, Testimony, and Expert Report of Defendants' Expert Barry L. Bell and Brief in Support.  (Doc. 201).  EDN has since filed a redacted version of its brief at AT&T's request.  (Doc. 212).

AT&T was precise about what it wanted sealed.[25]  However, AT&T failed to explain why the risk of disclosure outweighs the public's right to know the information it seeks to seal.  The Court **ORDERS** AT&T to file a supplemental brief

---

[25] Doc. 212 at 1–2.

11

specifically providing a line-by-line justification for each proposed redaction within 28 days of this Order.  Failure to do so will result in the unsealing of the disputed portions of Doc. 201-1.

Accordingly, the Court **DENIES** EDN's motion.  (Doc. 201).  The Court **DIRECTS** the Clerk's Office to maintain the provisional seal of Docs. 201, 201-1 until such time as the Court instructs otherwise.

### K. Doc. 204

EDN also moves for leave to file under seal its Objections to Magistrate Judge's Memorandum Opinion and Order.  (Doc. 204).  The Court **GRANTS** EDN's request to provisionally seal Doc. 204.  As EDN takes no position on the sealing of the materials in Doc. 204-1, the Court **ORDERS** AT&T to file a supplemental brief specifically identifying the challenged material and providing a line-by-line justification for each proposed redaction within 28 days of this Order.  Failure to do so will result in the unsealing of Doc. 204-1.

Accordingly, the Court **GRANTS IN PART** and **DENIES IN PART** EDN's motion.  (Doc. 204).  The Court **DIRECTS** the Clerk's Office to maintain the provisional seal of Docs. 204, 204-1 until such time as the Court instructs otherwise.

### L. Doc. 205

EDN also moves for leave to file under seal its Appendix in Support of Plaintiffs' Objections to Magistrate Judge's Memorandum Opinion and Order. (Doc. 205).  The Court **GRANTS** EDN's request to provisionally seal Doc. 205.  EDN states both EDN and AT&T request different portions of the appendix to be sealed.

12

But neither EDN nor AT&T identify what information they want sealed nor do they sufficiently explain why the risk of disclosure outweighs the public's right to know the information they seek to seal. The Court **ORDERS** AT&T and EDN to file a supplemental brief specifically identifying the challenged material and providing a line-by-line justification for each proposed redaction within 28 days of this Order. Failure to do so will result in the unsealing of the disputed portions of Doc. 205-1.

Accordingly, the Court **GRANTS IN PART** and **DENIES IN PART** EDN's motion. (Doc. 205). The Court **DIRECTS** the Clerk's Office to maintain the provisional seal of Docs. 205, 205-1 until such time as the Court instructs otherwise.

### M. Docs. 216, 223

AT&T also moves for leave to file under seal its Response Brief in Opposition to Plaintiffs' Motion for Partial Summary Judgment. (Doc. 216). AT&T has since stated that neither AT&T nor EDN wish to seal any portion of AT&T's Response Brief in Opposition to Plaintiffs' Motion for Partial Summary Judgment. (Doc. 223).

Accordingly, the Court **FINDS AS MOOT** the motion at Doc. 216. The Court **INSTRUCTS** the Clerk's Office to remove the provisional seal of Docs. 216, 216-1.

### N. Docs. 217, 224

AT&T also moves for leave to file under seal its Opposition to Plaintiffs' Motion to Exclude. (Doc. 217). AT&T has since stated that neither AT&T nor EDN wish to seal any portion of AT&T's Opposition to Plaintiffs' Motion to Exclude. (Doc. 224).

Accordingly, the Court **FINDS AS MOOT** the motion at Doc. 217. The Court **INSTRUCTS** the Clerk's Office to remove the provisional seal of Docs. 217, 217-1.

## O. Docs. 218, 227

EDN also moves for leave to file under seal its Response in Opposition to Defendants' Motion for Summary Judgment.  (Doc. 218).  EDN has since stated that neither AT&T nor EDN wish to seal any portion of Plaintiffs' Response in Opposition to Defendants' Motion for Summary Judgment.  (Doc. 227).

Accordingly, the Court **FINDS AS MOOT** the motion at Doc. 218.  The Court **INSTRUCTS** the Clerk's Office to remove the provisional seal of Docs. 218, 218-1.

## P. Docs. 219, 228

EDN also moves for leave to file under seal its Appendix in Support of Plaintiffs' Response in Opposition to Defendants' Motion for Summary Judgment. (Doc. 219).  EDN has since filed a redacted version of its appendix.  (Doc. 228).

But EDN failed to identify what information it wants sealed nor does it sufficiently explain why the risk of disclosure outweighs the public's right to know the information they seek to seal.  The Court **ORDERS** EDN to file a supplemental brief specifically identifying the challenged material and providing a line-by-line justification for each proposed redaction within 28 days of this Order.  Failure to do so will result in the unsealing of the disputed portions of Doc. 219-1.

Accordingly, the Court **DENIES** EDN's motion.  (Doc. 219).  The Court **DIRECTS** the Clerk's Office to maintain the provisional seal of Docs. 219, 219-1 until such time as the Court instructs otherwise.

## Q. Docs. 220, 225

EDN also moves for leave to file under seal its Response in Opposition to

Defendants' Motion to Strike Expert Report, Opinions, and Testimony of David Duski and Brief in Support.  (Doc. 220).  EDN has since filed a redacted version of its brief at AT&T's request.  (Doc. 225).

But AT&T failed to identify what information it wants sealed nor does it sufficiently explain why the risk of disclosure outweighs the public's right to know the information they seek to seal.  The Court **ORDERS** AT&T to file a supplemental brief specifically providing a line-by-line justification for each proposed redaction within 28 days of this Order.  Failure to do so will result in the unsealing of the disputed portions of Doc. 220-1.

Accordingly, the Court **DENIES** EDN's motion.  (Doc. 220).  The Court **DIRECTS** the Clerk's Office to maintain the provisional seal of Docs. 220, 220-1 until such time as the Court instructs otherwise.

## R.  Docs. 221, 226

EDN also moves for leave to file under seal its Appendix in Support of Plaintiffs' Response in Opposition to Defendants' Motion to Strike Expert Report, Opinions, and Testimony of David Duski and Brief in Support.  (Doc. 221).  EDN has since filed a redacted version of its response.  (Doc. 226).

EDN and AT&T both were precise about what they wanted sealed.[26]  But neither EDN nor AT&T sufficiently explain why the risk of disclosure outweighs the public's right to know.

The Court **ORDERS** EDN and AT&T to file a supplemental brief specifically

---

[26] Doc. 226 at 1–2.

providing a line-by-line justification for each proposed redaction within 28 days of this Order.  Failure to do so will result in the unsealing of the disputed portions of Doc. 221-1.

Accordingly, the Court **DENIES** EDN's motion.  (Doc. 221).  The Court **DIRECTS** the Clerk's Office to maintain the provisional seal of Docs. 221, 221-1 until such time as the Court instructs otherwise.

### S.  Doc. 222

AT&T also moves for leave to file under seal its Response in Opposition to Plaintiffs' Objections to Magistrate Judge's Order.  (Doc. 222).  The Court **GRANTS** AT&T's request to provisionally seal Doc. 222.  As AT&T takes no position on the sealing of the materials in Doc. 221-1 the Court **ORDERS** EDN to file a supplemental brief specifically identifying the challenged material and providing a line-by-line justification for each proposed redaction within 28 days of this Order.  Failure to do so will result in the unsealing of Doc. 222.

Accordingly, the Court **GRANTS IN PART** and **DENIES IN PART** AT&T's motion.  (Doc. 222).  The Court **DIRECTS** the Clerk's Office to maintain the provisional seal of Docs. 222, 222-1 until such time as the Court instructs otherwise.

### T.  Docs. 229, 236

AT&T also moves for leave to file under seal its Reply Brief in Support of Defendants' Motion for Summary Judgment.  (Doc. 229).  AT&T has stated that neither AT&T nor EDN wish to seal any portion of Defendants' Reply in Support of Defendants' Motion for Summary Judgment.  (Doc. 236).

16

Accordingly, the Court **FINDS AS MOOT** the motion at Doc. 229.  The Court **INSTRUCTS** the Clerk's Office to remove the provisional seal of Docs. 229, 229-1.

### U. Docs. 230, 237

AT&T also moves for leave to file under seal its Reply in Support of Defendants' Motion to Strike Expert Report, Opinions, and Testimony of David Duski.  (Doc. 230). AT&T has since stated that neither AT&T nor EDN wish to seal any portion of Defendants' Reply in Support of Defendants' Motion to Strike Expert Report, Opinions, and Testimony of David Duski.  (Doc. 237).

Accordingly, the Court **FINDS AS MOOT** the motion at Doc. 230.  The Court **INSTRUCTS** the Clerk's Office to remove the provisional seal of Docs. 230, 230-1.

### V. Docs. 231, 240

EDN also moves for leave to file under seal Plaintiffs' Reply in Support of Their Motion for Partial Summary Judgment.  (Doc. 231).  EDN has since stated that neither AT&T nor EDN wish to seal any portion of Plaintiffs' Reply in Support of Their Motion for Partial Summary Judgment.  (Doc. 240).

Accordingly, the Court **FINDS AS MOOT** the motion at Doc. 231.  The Court **INSTRUCTS** the Clerk's Office to remove the provisional seal of Docs. 231, 231-1.

### W. Docs. 232, 239

EDN also moves for leave to file under seal Plaintiffs' Supplemental Appendix to Reply in Support of Plaintiffs' Motion for Partial Summary Judgment.  (Doc. 232). EDN has since stated that neither AT&T nor EDN wish to seal any portion of Plaintiffs' Supplemental Appendix to Reply in Support of Plaintiffs' Motion for Partial

17

Summary Judgment. (Doc. 239).

Accordingly, the Court **FINDS AS MOOT** the motion at Doc. 232. The Court **INSTRUCTS** the Clerk's Office to remove the provisional seal of Docs. 232, 232-1.

### X. Docs. 233, 241

EDN also moves for leave to file under seal Plaintiffs' Reply in Support of Plaintiffs' Motion to Exclude Opinions, Testimony, and Expert Report of Barry L. Bell. (Doc. 233). EDN has since stated that neither AT&T nor EDN wish to seal any portion of Plaintiffs' Reply in Support of Plaintiffs' Motion to Exclude Opinions, Testimony, and Expert Report of Barry L. Bell. (Doc. 241).

Accordingly, the Court **FINDS AS MOOT** the motion at Doc. 233. The Court **INSTRUCTS** the Clerk's Office to remove the provisional seal of Docs. 233, 233-1.

### Y. Docs. 234, 238

Lastly, EDN moves for leave to file under seal its Supplemental Appendix in Support of Plaintiffs' Reply in Support of Plaintiffs' Motion to Exclude Opinions, Testimony, and Expert Report of Barry L. Bell. (Doc. 234). EDN has since filed a redacted version of its appendix. (Doc. 238).

EDN and AT&T both were precise about what they wanted sealed.[27] But neither EDN nor AT&T sufficiently explain why the risk of disclosure outweighs the public's right to know.

The Court **ORDERS** EDN and AT&T to file a supplemental brief specifically providing a line-by-line justification for each proposed redaction within 28 days of

---

[27] Doc. 238 at 1.

18

this Order. Failure to do so will result in the unsealing of the disputed portions of Doc. 234-1.

Accordingly, the Court **DENIES** EDN's motion. (Doc. 234). The Court **DIRECTS** the Clerk's Office to maintain the provisional seal of Docs. 234, 234-1 until such time as the Court instructs otherwise.

## III. Conclusion

In accordance with the Court's rulings herein, the Court **ORDERS** the following:

1. The Court **GRANTS** Doc. 135. The Court **DIRECTS** the Clerk's Office to unseal EDN's Reply in Support of Motion for Reconsideration and Exhibit C attached to the motion (Docs. 134, 134-3); however, Exhibits A and B attached to Doc. 134 shall remain under seal (Docs. 134-1, 134-2) as well as the entirety of Doc. 135.

2. The Court **DENIES** Doc. 161. The Court **ORDERS** AT&T to file a supplemental brief specifically identifying the challenged material and providing a line-by-line justification for each proposed redaction within 28 days of this Order. The Court **DIRECTS** the Clerk's Office to maintain Docs. 161 and 162 under provisional seal until such time as the Court instructs otherwise.

3. The Court **GRANTS** Doc. 191 to the extent necessary to permit the redactions reflected in Doc. 206-1. The Court **DIRECTS** the Clerk's Office to maintain Doc. 191 under seal.

4. The Court **GRANTS IN PART** Doc. 192 to the extent necessary to permit AT&T's proposed redactions and **DENIES IN PART** as to EDN's proposed redactions. The Court **ORDERS** EDN to file a supplemental brief specifically identifying the challenged material and providing a line-by-line justification for each proposed redaction within 28 days of this Order. The Court also **ORDERS** AT&T to file a supplemental brief specifically identifying the challenged material in its appendix to the motion for leave (Doc. 193) and providing a line-by-line justification for each proposed redaction within 28 days of this Order. The Court **DIRECTS** the Clerk's Office to maintain Docs. 192 and 193 under provisional seal until such time as the Court instructs otherwise.

5. The Court **DENIES** Doc. 194. The Court **DIRECTS** the Clerk's Office to unseal Doc. 194-1; however, Docs. 194, 194-3, 208, and 208-1 shall remain under provisional seal until such time as the Court instructs otherwise. The Court **ORDERS** EDN to file a supplemental brief specifically identifying the challenged material in Doc. 194-3 and providing a line-by-line justification for each proposed redaction within 28 days of this Order.

6. The Court **GRANTS IN PART** Doc. 195 to the extent necessary to permit AT&T's proposed redactions reflected and **DENIES IN PART** as to EDN's proposed redactions. The Court **ORDERS** EDN to file a supplemental brief specifically providing a line-by-line justification for

each proposed redaction within 28 days of this Order.  The Court also **ORDERS** AT&T to file a supplemental brief specifically identifying the challenged material in its appendix to the motion for leave (Doc. 196) and providing a line-by-line justification for each proposed redaction within 28 days of this Order.  The Court **DIRECTS** the Clerk's Office to maintain Docs. 195, 195-1, 195-2, 195-3, 195-4, 195-5, 195-6, and 196 under provisional seal until such time as the Court instructs otherwise.

7. The Court **FINDS AS MOOT** Doc. 198.  The Court **DIRECTS** the Clerk's Office to remove the provisional seal of Docs. 198, 198-1.

8. The Court **DENIES** Doc. 199.  The Court **ORDERS** AT&T to file a supplemental brief providing a line-by-line justification for each proposed redaction within 28 days of this Order.  The Court **DIRECTS** the Clerk's Office to maintain Docs. 199 and 199-1 under provisional seal.

9. The Court **FINDS AS MOOT** Doc. 200.  The Court **DIRECTS** the Clerk's Office to remove the provisional seal of Docs. 200, 200-1.

10. The Court **DENIES** Doc. 201.  The Court **ORDERS** AT&T to file a supplemental brief specifically providing a line-by-line justification for each proposed redaction within 28 days of this Order.  The Court **DIRECTS** the Clerk's Office to maintain Docs. 201 and 201-1 under provisional seal.

11. The Court **GRANTS IN PART** and **DENIES IN PART** Doc. 204.  The

Court **ORDERS** AT&T to file a supplemental brief specifically identifying the challenged material and providing a line-by-line justification for each proposed redaction within 28 days of this Order. The Court **DIRECTS** the Clerk's Office to maintain Docs. 204 and 204-1 under provisional seal until such time as the Court instructs otherwise.

12. The Court **GRANTS IN PART** and **DENIES IN PART** Doc. 205. The Court **ORDERS** EDN and AT&T to file a supplemental brief specifically identifying the challenged material and providing a line-by-line justification for each proposed redaction within 28 days of this Order. The Court **DIRECTS** the Clerk's Office to maintain Docs. 205 and 205-1 under provisional seal until such time as the Court instructs otherwise.

13. The Court **FINDS AS MOOT** Doc. 216. The Court **DIRECTS** the Clerk's Office to remove the provisional seal of Docs. 216, 216-1.

14. The Court **FINDS AS MOOT** Doc. 217. The Court **DIRECTS** the Clerk's Office to remove the provisional seal of Docs. 217, 217-1.

15. The Court **FINDS AS MOOT** Doc. 218. The Court **DIRECTS** the Clerk's Office to remove the provisional seal of Docs. 218, 218-1.

16. The Court **DENIES** Doc. 219. The Court **ORDERS** EDN to file a supplemental brief specifically identifying the challenged material and providing a line-by-line justification for each proposed redaction within 28 days of this Order. The Court **DIRECTS** the Clerk's Office to maintain Docs. 219 and 219-1 under provisional seal until such time as

22

the Court instructs otherwise.

17. The Court **DENIES** Doc. 220. The Court **ORDERS** AT&T to file a supplemental brief specifically identifying the challenged material and providing a line-by-line justification for each proposed redaction within 28 days of this Order. The Court **DIRECTS** the Clerk's Office to maintain Docs. 220 and 220-1 under provisional seal until such time as the Court instructs otherwise.

18. The Court **DENIES** Doc. 221. The Court **ORDERS** EDN and AT&T to file a supplemental brief specifically identifying the challenged material and providing a line-by-line justification for each proposed redaction within 28 days of this Order. The Court **DIRECTS** the Clerk's Office to maintain Docs. 221 and 221-1 under provisional seal until such time as the Court instructs otherwise.

19. The Court **GRANTS IN PART** and **DENIES IN PART** Doc. 222. The Court **ORDERS** EDN to file a supplemental brief specifically identifying the challenged material and providing a line-by-line justification for each proposed redaction within 28 days of this Order. The Court **DIRECTS** the Clerk's Office to maintain Docs. 222 and 222-1 under provisional seal until such time as the Court instructs otherwise.

20. The Court **FINDS AS MOOT** Doc. 229. The Court **DIRECTS** the Clerk's Office to remove the provisional seal of Docs. 229, 229-1.

21. The Court **FINDS AS MOOT** Doc. 230. The Court **DIRECTS** the

Clerk's Office to remove the provisional seal of Docs. 230, 230-1.

22. The Court **FINDS AS MOOT** Doc. 231.  The Court **DIRECTS** the Clerk's Office to remove the provisional seal of Docs. 231, 231-1.

23. The Court **FINDS AS MOOT** Doc. 232.  The Court **DIRECTS** the Clerk's Office to remove the provisional seal of Docs. 232, 232-1.

24. The Court **FINDS AS MOOT** Doc. 233.  The Court **DIRECTS** the Clerk's Office to remove the provisional seal of Docs. 233, 233-1.

25. The Court **DENIES** Doc. 234.  The Court **ORDERS** EDN and AT&T to file a supplemental brief specifically providing a line-by-line justification for each proposed redaction within 28 days of this Order.  The Court **DIRECTS** the Clerk's Office to maintain Docs. 234 and 234-1 under provisional seal until such time as the Court instructs otherwise.

**IT IS SO ORDERED** this 26th day of June, 2026.

_____
BRANTLEY STARR
UNITED STATES DISTRICT JUDGE