UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| EDN GLOBAL INC & JEROME EDMONDSON, | § | |
| | § | |
| *Plaintiffs*, | § | |
| | § | |
| v. | § | Civil Action No. 3:23-CV-0355-X |
| | § | |
| AT&T MOBILITY SERVICES LLC et al., | § | |
| | § | |
| *Defendants*. | § | |

**MEMORANDUM OPINION AND ORDER**

Before the Court are a bunch of sealing motions (Docs. 161, 162, 192, 194, 195, 199, 201, 204, 205, 219, 220, 221, 222, 234) and the parties' supplemental briefing on those motions (Docs. 260, 261, 262, 263). The Court's omnibus order is the result of a page-by-page, line-by-line analysis weighing the public's right of access against the interests favoring nondisclosure. Such analysis "is not easy, but it is fundamental" to securing the public's right of access to judicial records.[1] Having carefully considered the motions, briefing, and applicable law, the Court now makes the following rulings regarding the sealing requests.

## I. Legal Standard

The Court takes very seriously its duty to protect the public's access to judicial records.[2] Transparency in judicial proceedings is a fundamental element of the rule

[1] *June Med. Servs. v. Phillips*, 22 F.4th 512, 521 (5th Cir. 2022).

[2] *See Binh Hoa Le v. Exeter Fin. Corp.*, 990 F.3d 410, 418 (5th Cir. 2021).

of law—so fundamental that sealing and unsealing orders are immediately appealable under the collateral-order doctrine.[3] The public's right to access judicial records is independent from—and sometimes even adverse to—the parties' interest.[4] That's why the judge must serve as the representative of the people and, indeed, the First Amendment, in scrutinizing requests to seal.

Litigants may have a legitimate interest in confidential discovery secured by a protective order under Federal Rule of Civil Procedure 26(c). However, "[t]hat a document qualifies for a protective order under Rule 26(c) for discovery says nothing about whether it should be sealed once it is placed in the *judicial record*."[5] Here, the parties conducted discovery under a Rule 26(c) protective order and marked various documents "confidential." Now that a party wishes to file some of those documents under seal on the judicial record, a much more strenuous standard kicks in.

"To decide whether something should be sealed, the court must undertake a document-by-document, line-by-line balancing of the public's common law right of access against the interests favoring nondisclosure."[6] The presumption against sealing is even greater where, "the case involves matters of particularly public

---

[3] *See June Med. Servs.*, 22 F.4th at 519.

[4] *See id.*

[5] *Id.* at 521.

[6] *Id.* (cleaned up).

interest."[7] If the Court seals information, it must give sufficient reasons to allow for appellate review.[8] Finally, "[p]ublicly available information cannot be sealed."[9]

## II. Application

### A. Docs. 161, 162

EDN moves for leave to file under seal Plaintiffs' Response to Defendants' Expedited Motion for Protective Order and to Quash Plaintiffs' Deposition Notice along with the Appendix in Support. (Docs. 161, 162). The Court previously ordered supplemental briefing on this motion because AT&T did not specifically identify the challenged material or provide a line-by-line justification for each redaction.[10]

First, AT&T no longer seeks to seal Doc. 161 per its supplemental brief.[11] Accordingly, the Court **FINDS AS MOOT** the motion at Doc. 161. The Court **INSTRUCTS** the Clerk's Office to remove the provisional seal of Doc. 161.

Next, AT&T still seeks to seal Doc. 162 because that appendix contains citations to and quotes from Christopher C. Sambar and Ms. Melissa Ayala's deposition transcripts, which AT&T's counsel designated as confidential.[12] The Court ordered supplemental briefing because the sealing motion was "merely based on an assertion that some confidential information is buried within a deposition."[13]

---

[7] *Id.* at 520 (cleaned up).

[8] *See Binh Hoa Le*, 990 F.3d at 419.

[9] *June Med. Servs.*, 22 F.4th at 520.

[10] *See* Doc. 248 at 5–6.

[11] *See* Doc. 260 at 1 n.1.

[12] *See* Doc. 248 at 5; Doc. 161 at 2.

[13] Doc. 248 at 5.

AT&T's supplemental briefing on Doc. 162 precisely identifies what it wants sealed.[14] And AT&T did its part to explain why the risk of disclosure outweighs the public's right to know because these excerpts contained private financial information about a contract with a third party, which could cause competitive harm.[15] Courts have held that documents containing "private financial information" may be sealed if the movant makes "specific allegations regarding competitive harm."[16] And "litigants sometimes have good reasons to file documents (or portions of them) under seal, such as protecting trade secrets."[17] Additionally, courts have sealed nonpublic information about a company's market strategy that competitors could use against them.[18]

Accordingly, the Court **GRANTS** the motion. The Court **DIRECTS** the Clerk's Office to keep Doc. 162 under seal as the redacted version of this document is on public record at Doc. 257-1.[19]

**B. Docs. 192, 193, 207**

AT&T also moves for leave to file under seal its Appendix to Defendants' Motion to Strike Expert Reports, Opinions, and Testimony of David Duski.

---

[14] *See* Doc. 260 at 2–3.

[15] *See id.*

[16] *Bennett v. Douglaston Realty Mgmt. Corp.*, No. 3:24-CV-2787-S, 2025 WL 2443385, at *1 (N.D. Tex. Aug. 25, 2025) (Scholer, J.) (citing, *inter alia*, *Vantage Health Plan, Inc. v. Willis-Knighton Med. Ctr.*, 913 F.3d 443, 451 (5th Cir. 2019)).

[17] *Binh Hoa Le*, 990 F.3d at 419.

[18] *See Blue Yonder Gp., Inc. v. Kinaxis Inc.*, 2024 WL 4796229 (N.D. Tex. May 30, 2024) (Kinkeade, J.).

[19] *See* Doc. 260 at 3.

(Doc. 192). AT&T filed an appendix to the motion to seal in a separate docket entry. (Doc. 193). AT&T has since filed a redacted version of Doc. 192-1 with additional opposed redactions requested by EDN. (Doc. 207-1).

In the previous Order, the Court found that EDN and AT&T both were precise about what they wanted sealed in Doc. 192.[20] The Court also found that AT&T did its part but that EDN did not do its part to explain why the risk of disclosure outweighs the public's right to know.[21] Accordingly, the Court granted the motion to leave as to "AT&T's proposed redactions reflected in Doc. 207-1," denied the motion as to EDN's proposed redactions, and ordered supplemental briefing from EDN.

While EDN precisely identifies the lines it wants sealed, EDN's supplemental briefing does not adequately explain why the interests favoring nondisclosure outweigh the public's common law right of access.[22] EDN alleges that its interest lies in protecting its "White Glove Treatment trade secret."[23] But EDN's White Glove Treatment is a commonsense sales and customer service process, not a trade secret.[24] Accordingly, the Court **DENIES IN PART** the motion as to EDN.

The Court granted the motion as to AT&T in the previous order, so the Court **DIRECTS** the Clerk's Office to keep Doc. 192-1 under seal and to remove the seal

---

[20] Doc. 248 at 7 (citing Doc. 192, ¶ 4).

[21] *See* Doc. 248 at 7.

[22] *See* Doc. 262 at 1–4.

[23] *Id.* at 3; *see* Doc. 263 at 1 (explaining that these excerpts "contain a granular, substantive description of the operational mechanics of EDN's White Glove Treatment trade secret" and that "[p]ublic disclosure would permanently and irreversibly destroy the secrecy on which this trade secret depends, regardless of the case's ultimate outcome").

[24] *See, e.g.*, Doc. 192-1 at 111–12 (explaining the White Glove Treatment process).

from Docs. 192 and 192-2. And because the redactions in Doc. 207-1 contain EDN's redactions along with AT&T, the Court **ORDERS** AT&T to file a new, redacted version of Doc. 192-1 on the docket without EDN's redactions.

The Court's previous Order also denied AT&T's attempt to seal Doc. 193. AT&T no longer seeks to seal Doc. 193 per its supplemental brief.[25] Accordingly, the Court **FINDS AS MOOT** the motion at Doc. 193. The Court **INSTRUCTS** the Clerk's Office to remove the provisional seal of Doc. 193.

**C. Docs. 194, 208, 210**

AT&T also moves for leave to file under seal its Memorandum in Support of Motion for Summary Judgment. (Doc. 194). AT&T has filed a redacted version of Doc. 194-3 at EDN's request. (Doc. 208). The Court previously ordered supplemental briefing because "EDN was precise about what it wanted sealed in Doc. 194-3," but "failed to explain why the risk of disclosure outweighs the public's right to know the information it seeks to seal."[26]

As with Doc. 192, EDN's supplemental briefing does not adequately explain why the interests favoring nondisclosure outweigh the public's common law right of access. The sentence EDN wants sealed says "Rick Alston . . . described the 'White Glove' process as 'an operational and sales-focused process by which we would engage the customer, pitch the product, set up a meeting, propose the product, close the deal, deploy the product, and support the product.'"[27] This sentence vaguely describes a

---

[25] *See* Doc. 260 at 1 n.1.

[26] Doc. 248 at 8.

[27] *See* Doc. 262 at 4 (seeking to seal the quoted sentence that appears in Doc. 194-3 at 20).

commonsense sales and customer service process, not a trade secret. Accordingly, the Court **DENIES** AT&T's motion. The Court **DIRECTS** the Clerk's Office to unseal Docs. 194, 194-1, 194-2, and 194-3.

**D. Docs. 195, 196, 209**

AT&T moves for leave to file under seal the Appendix to Defendants' Motion for Summary Judgment. (Doc. 195). AT&T filed a sealed appendix to its motion to seal in a separate docket entry. (Doc. 196). AT&T has since filed a redacted version of its appendix. (Doc. 209).

In the previous Order, the Court held that EDN and AT&T were precise about what they wanted sealed in Doc. 195.[28] The Court also found that AT&T did its part but EDN did not do its part to explain why the risk of disclosure outweighs the public's right to know.[29] Accordingly, the Court granted the motion to leave as to "AT&T's proposed redactions outlined in Doc. 195, ¶¶ 3–4," denied the motion as to EDN's proposed redactions, and ordered supplemental briefing from EDN.[30]

EDN attempts to justify its proposed redactions on two separate grounds: White Glove Treatment trade secrets and customer list trade secrets.[31] First, EDN's White Glove Treatment justification fails for the same reasons described above. EDN's White Glove Treatment is not a trade secret, and even if it was, many of the proposed redactions merely seek to seal vague descriptions of the process.

[28] *See* Doc. 248 at 9.

[29] *See id.*

[30] *Id.*

[31] *See* Doc. 262 at 5–7.

Accordingly, the Court finds as improper all redactions on Docs. 195-1 through 195-6 that EDN justified on White Glove Treatment trade secrets grounds.[32]

Second, EDN sufficiently explained why the risk of disclosure outweighs the public's right to know for its customer list trade secret justification. Specifically, EDN seeks to seal customer list information containing "the NOBLE membership lists, preregistration lists, leads lists, and related documents that make up and describe the substance of the Customer List, including cell phone numbers of public officials and police officers."[33]

Accordingly, the Court **GRANTS IN PART** and **DENIES IN PART** the motion as to EDN's proposed redactions. The Court **INSTRUCTS** the Clerk's Office to keep Docs. 195, 195-1, 195-2, 195-3, 195-4, 195-5, and 195-6 under seal. The Court **FURTHER ORDERS** AT&T to file an updated, redacted version of the appendix that does not include EDN's White Glove Treatment trade secret redactions.[34]

Additionally, the Court's previous Order denied AT&T's attempt to seal Doc. 196.[35] AT&T no longer seeks to seal Doc. 196 per its supplemental brief.[36]

---

[32] *See* Docs. 262 at 5 (citing what EDN calls Appx. 307, 401–408, 411–413, 416, 452–455, 617–18); 263 at 7–17 (listing out EDN's line-by-line justifications in a chart).

[33] Doc. 262 at 5–6 (citing what EDN calls Appx. 868–872, 887–949, 952–954, 957–958; 1109–1113, 1121–1125, 1132–1136, 1143–1148, 1156–1246, 1253–1315, 1318–1379, 1384, 1387–1499, 1452–1514, 1517–1579, 1583–1588, 1606–1623, 1627–1644, 1646–1672, 1691–1732, 1735–1736, 1757–1788, 1791–1795, 1802–1813, 1816, 1820–1822, 1837–1879, 1883–1888, 1890, 1898–1904, and 1914).

[34] *See* Docs. 262 at 5 (citing what EDN calls Appx. 307, 401–408, 411–413, 416, 452–455, 617–18); 263 at 7–17 (listing out EDN's line-by-line justifications in a chart).

[35] *See* Doc. 248 at 9.

[36] *See* Doc. 260 at 1 n.1.

Accordingly, the Court **FINDS AS MOOT** the motion at Doc. 196. The Court **INSTRUCTS** the Clerk's Office to remove the provisional seal of Doc. 196.

**E. Docs. 199, 213**

EDN also moves for leave to file under seal Plaintiffs' Brief in Support of Motion for Partial Summary Judgment Appendix Under Seal. (Doc. 199). EDN has since filed a redacted version of its brief at AT&T's request. (Doc. 213).

The Court previously found that "AT&T was precise about what it wanted sealed" but "failed to explain why the risk of disclosure outweighs the public's right to know the information it seeks to seal."[37] The Court ordered supplemental briefing regarding Doc. 199-1.[38]

This time, AT&T adequately explains that the risk of disclosure outweighs the public's right to know because these excerpts contained sales forecasts and sales data regarding specific AT&T customers and prospective customers.[39] AT&T has explained that disclosing such information would likely cause it competitive harm because "AT&T is not the only telecommunications company with services geared towards first responders."[40] So the Court will seal the relevant exhibit.

Accordingly, the Court **GRANTS** EDN's motion. The Court **DIRECTS** the Clerk's Office to keep Doc. 199-1 under seal and to remove the provisional seal of Doc. 199.

---

[37] Doc. 248 at 10.

[38] *See id.*

[39] *See* Doc. 260 at 3–4.

[40] *Id.* at 3.

**F. Docs. 201, 212**

EDN also moves for leave to file under seal its Appendix in Support of Plaintiffs' Motion to Exclude Opinions, Testimony, and Expert Report of Defendants' Expert Barry L. Bell and Brief in Support. (Doc. 201). EDN has since filed a redacted version of its brief at AT&T's request. (Doc. 212).

The Court previously found that "AT&T was precise about what it wanted sealed" but "failed to explain why the risk of disclosure outweighs the public's right to know the information it seeks to seal."[41] The Court ordered supplemental briefing regarding Doc. 201-1.[42]

This time, AT&T adequately explains that the risk of disclosure outweighs the public's right to know. Specifically, the redacted lines in this document contain "(a) AT&T FirstNet-related finances; (b) AT&T's FirstNet sales data; and (c) AT&T's compensation to Solution Providers compared to its FirstNet-related revenue."[43] AT&T explains that disclosing financial information and sales data would likely cause it competitive harm because "AT&T is not the only telecommunications company with services geared towards first responders."[44]

AT&T also explains that FirstNet Solution Provider compensation structure or amounts should be sealed because "competitors could reverse-engineer AT&T's indirect channel strategy and tailor their own compensation programs to recruit

[41] Doc. 248 at 11.

[42] *Id.* at 11–12.

[43] Doc. 260 at 4 (cleaned up).

[44] *Id.* at 5.

AT&T's channel partners or undercut AT&T's offerings."[45] It further argues that the public's access to this information is less important because the "compensation structures and amounts were irrelevant to the Court's summary judgment order."[46]

Accordingly, the Court **GRANTS** EDN's motion. The Court **DIRECTS** the Clerk's Office to maintain Doc. 201-1 under seal and to remove the provisional seal of Doc. 201.

**G. Doc. 204**

EDN also moves for leave to file under seal its Objections to Magistrate Judge's Memorandum Opinion and Order. (Doc. 204). The Court previously ordered "AT&T to file a supplemental brief specifically identifying the challenged material and providing a line-by-line justification for each proposed redaction" in Doc. 204-1.[47]

AT&T's supplemental briefing on Doc. 204 is precise about what it wants sealed.[48] And AT&T did its part to explain why the risk of disclosure outweighs the public's right to know because these excerpts contained private financial information about a contract with a third party, which could cause competitive harm.[49]

Accordingly, the Court **GRANTS** EDN's motion. The Court **DIRECTS** the Clerk's Office to maintain Doc. 204-1 under seal and to remove the provisional seal of Doc. 204.

---

[45] *Id.*

[46] *Id.* (citing *Philips N. Am. LLC v. Image Tech. Consulting, LLC*, No. 3:22-CV-0147-B, 2025 WL 775820, at *4 (N.D. Tex. Mar. 11, 2025) (Boyle, J.)).

[47] Doc. 248 at 12.

[48] *See* Doc. 260 at 6.

[49] *See id.*

**H. Doc. 205**

EDN also moves for leave to file under seal its Appendix in Support of Plaintiffs' Objections to Magistrate Judge's Memorandum Opinion and Order. (Doc. 205). The Court previously ordered both AT&T and EDN to file a supplemental brief "identifying the challenged material and providing a line-by-line justification for each proposed redaction" in Doc. 205-1.[50]

The Court begins with AT&T's supplemental briefing. AT&T's supplemental briefing on Doc. 205 is precise about what it wants sealed.[51] And AT&T did its part to explain why the risk of disclosure outweighs the public's right to know because these excerpts contained private financial information that could cause competitive harm.[52] As AT&T points out, the Court has previously sealed most of the lines AT&T seeks to seal when appended to other documents.[53] And AT&T has provided the Court with a proposed redacted version at Doc. 259-1. Accordingly, the Court finds that AT&T's proposed redactions and seal request are justified.

Next, the Court turns to EDN's supplemental briefing. EDN's supplemental briefing on Doc. 205 is precise about what it wants sealed.[54] But EDN's supplemental briefing does not adequately explain why the interests favoring nondisclosure outweigh the public's common law right of access. The sentence EDN wants sealed

[50] Doc. 248 at 13.

[51] *See* Doc. 260 at 7.

[52] *See id.*

[53] *See id.*

[54] *See* Doc. 262 at 8.

vaguely describes a commonsense sales and customer service process, not a trade secret.[55] The Court already declined to seal this sentence in its ruling above on Doc. 194 and does so here as well.

Accordingly, the Court **GRANTS IN PART** and **DENIES IN PART** EDN's motion. The Court **INSTRUCTS** the Clerk's Office to keep Docs. 205 and 205-1 under seal and **ORDERS** EDN to file an updated, redacted version of the appendix without the rejected redactions in Doc. 259-1 at 154–55.

### I. Docs. 219, 228

EDN also moves for leave to file under seal its Appendix in Support of Plaintiffs' Response in Opposition to Defendants' Motion for Summary Judgment. (Doc. 219). EDN has since filed a redacted version of its appendix. (Doc. 228). The Court previously ordered supplemental briefing because EDN "failed to identify what information it wants sealed" and did not "sufficiently explain why the risk of disclosure outweighs the public's right to know the information they seek to seal."[56]

EDN's supplemental briefing on Doc. 219-1 is precise about what it wants sealed.[57] But EDN's supplemental briefing does not adequately explain why the interests favoring nondisclosure outweigh the public's common law right of access. EDN seeks to seal deposition testimony because it discusses EDN's White Glove Treatment process. As the Court has discussed, the White Glove Treatment process

---

[55] *See* Doc. 262 at 4 (citing Doc. 194-3 at 20).

[56] Doc. 248 at 14.

[57] *See* Doc. 262 at 9.

is not a trade secret meriting sealing. Accordingly, the Court **DENIES** EDN's motion. The Court **DIRECTS** the Clerk's Office to unseal Docs. 219 and 219-1.

**J. Docs. 220, 225**

EDN also moves for leave to file under seal its Response in Opposition to Defendants' Motion to Strike Expert Report, Opinions, and Testimony of David Duski and Brief in Support. (Doc. 220). EDN has since filed a redacted version of its brief at AT&T's request. (Doc. 225). The Court's previous order held that "AT&T failed to identify what information it wants sealed" and did not "sufficiently explain why the risk of disclosure outweighs the public's right to know the information they seek to seal."[58]

AT&T's supplemental briefing on Doc. 220-1 is precise about what it wants sealed.[59] And AT&T did its part to explain why the risk of disclosure outweighs the public's right to know because these excerpts contained private financial information, including "specific dollar amounts about revenue and expenses relating to AT&T's FirstNet program," which could cause competitive harm.[60]

Accordingly, the Court **GRANTS** EDN's motion. The Court **DIRECTS** the Clerk's Office to keep Doc. 220-1 under seal and to remove the provisional seal from Doc. 220.

[58] Doc. 248 at 15.

[59] *See* Doc. 260 at 8.

[60] *Id.*

**K. Docs. 221, 226**

EDN also moves for leave to file under seal its Appendix in Support of Plaintiffs' Response in Opposition to Defendants' Motion to Strike Expert Report, Opinions, and Testimony of David Duski and Brief in Support. (Doc. 221). EDN has since filed a redacted version of its response. (Doc. 226). The Court previously ordered supplemental briefing from both parties because, although they were precise, they did not "sufficiently explain why the risk of disclosure outweighs the public's right to know."[61]

Starting with AT&T, the Court finds that AT&T has sufficiently explained why the risk of disclosure outweighs the public's right to know. AT&T seeks to seal materials concerning David Duski and Barry Bell.[62] The Court allowed AT&T to seal the Duski materials at issue in the previous order,[63] and allowed AT&T to seal the Bell materials above in its analysis on Doc. 201. The Court reaffirms its financial and competitive harm analysis for those proposed redactions here.

Next, the Court finds that EDN has not sufficiently explained why the risk of disclosure outweighs the public's right to know. EDN seeks to seal materials related to its White Glove Treatment process.[64] But the Court once again finds that the

---

[61] Doc. 248 at 15.

[62] *See* Doc. 260 at 8–9.

[63] *See* Doc. 248 at 6–7.

[64] *See* Doc. 262 at 10–11.

White Glove Treatment EDN describes amounts to little more than a commonsense customer service process, not a trade secret.

Accordingly, the Court **GRANTS IN PART** and **DENIES IN PART** EDN's motion. The Court **DIRECTS** the Clerk's Office to keep Docs. 221 and 221-1 under seal. And the Court **ORDERS** EDN to file an updated, redacted version of its response without the EDN redactions the Court rejects here.

**L. Doc. 222**

AT&T also moves for leave to file under seal its Response in Opposition to Plaintiffs' Objections to Magistrate Judge's Order. (Doc. 222). But EDN no longer seeks to seal any portion of Doc. 222-1.[65] Accordingly, the Court **FINDS AS MOOT** the motion at Doc. 222. The Court **INSTRUCTS** the Clerk's Office to remove the provisional seal of Doc. 222.

**M. Docs. 234, 238**

Lastly, EDN moves for leave to file under seal its Supplemental Appendix in Support of Plaintiffs' Reply in Support of Plaintiffs' Motion to Exclude Opinions, Testimony, and Expert Report of Barry L. Bell. (Doc. 234). EDN has since filed a redacted version of its appendix. (Doc. 238). The Court previously ordered supplemental briefing because EDN and AT&T both precisely identified what they wanted sealed but failed to "sufficiently explain why the risk of disclosure outweighs the public's right to know."[66]

---

[65] Doc. 262 at 11.

[66] Doc. 248 at 18–19.

Starting with AT&T, the Court finds that AT&T has sufficiently explained why the risk of disclosure outweighs the public's right to know. AT&T seeks to seal materials concerning the same financial information the Court has previously allowed AT&T to redact.[67] The Court reaffirms its financial and competitive harm analysis for the proposed redactions in Docs. 234 and 238 here.

Next, the Court finds that EDN has not sufficiently explained why the risk of disclosure outweighs the public's right to know. EDN seeks to seal materials related to its White Glove Treatment process.[68] But the Court once again finds that the White Glove Treatment EDN describes amounts to little more than a commonsense customer service process, not a trade secret.

Accordingly, the Court **GRANTS IN PART** and **DENIES IN PART** EDN's motion. The Court **DIRECTS** the Clerk's Office keep Docs. 234-1 under seal and to remove the provisional seal on Doc. 234. The Court **ORDERS** EDN to file an updated, redacted version of this document without the rejected redactions.

## III. Conclusion

In accordance with the Court's rulings above, the Court **ORDERS** the following:

1. The Court **FINDS AS MOOT** Doc. 161. The Court DIRECTS the Clerk's Office to remove the provisional seal of Doc. 161.

---

[67] Doc. 260 at 10 (citing Doc. 248 at 6-7 and Doc. 192 ¶ 4).

[68] *See* Doc. 262 at 12 (noting that the grounds for sealing here are the same as the grounds for sealing Docs. 192, 194, 205, 219, and 221—all of which the Court denied as to EDN).

2. The Court **GRANTS** Doc. 162 to the extent necessary to permit the redactions reflected in Doc. 257-1. The Court **DIRECTS** the Clerk's Office to maintain Doc. 162 under seal.
3. The Court **DENIES IN PART** Doc. 192 as to EDN's proposed redactions. The Court previously **GRANTED IN PART** Doc. 192 as to AT&T's proposed redactions. The Court **DIRECTS** the Clerk's Office to keep Doc. 192-1 under seal and to remove the provisional seal from Docs. 192 and 192-2. The Court **ORDERS** AT&T to file an updated, redacted version of Doc. 192-1 on the docket without EDN's redactions.
4. The Court **FINDS AS MOOT** Doc. 193. The Court DIRECTS the Clerk's Office to remove the provisional seal of Doc. 193.
5. The Court **DENIES** Doc. 194. The Court **DIRECTS** the Clerk's Office to unseal Docs. 194, 194-1, 194-2, and 194-3.
6. The Court **GRANTS IN PART** Doc. 195 to the extent necessary to permit AT&T's proposed redactions reflected and EDN's proposed customer list redactions. The Court **DENIES IN PART** as to EDN's proposed White Glove Treatment redactions. The Court **DIRECTS** the Clerk's Office to keep Docs. 195, 195-1, 195-2, 195-3, 195-4, 195-5, and 195-6 under seal. The Court **FURTHER ORDERS** AT&T to file an updated, redacted version of the appendix that does not include EDN's White Glove Treatment trade secret redactions.

7. The Court **FINDS AS MOOT** Doc. 196. The Court **INSTRUCTS** the Clerk's Office to remove the provisional seal of Doc. 196.
8. The Court **GRANTS** Doc. 199. The Court **DIRECTS** the Clerk's Office to keep Doc. 199-1 under seal and remove the provisional seal of Doc. 199.
9. The Court **GRANTS** Doc. 201. The Court **DIRECTS** the Clerk's Office to keep Doc. 201-1 under seal and remove the provisional seal of Doc. 201.
10. The Court **GRANTS** Doc. 204. The Court **DIRECTS** the Clerk's Office to keep Doc. 204-1 under seal and to remove the provisional seal of Doc. 204.
11. The Court **GRANTS IN PART** Doc. 205 as to AT&T's proposed redactions, and **DENIES IN PART** Doc. 205 as to EDN's proposed redactions. The Court **DIRECTS** the Clerk's Office to keep Doc. 205-1 under seal and to remove the seal from Doc. 205. The Court **ORDERS** EDN to file an updated, redacted version of the appendix without EDN's rejected redactions.
12. The Court **DENIES** Doc. 219. The Court **DIRECTS** the Clerk's Office to unseal Docs. 219 and 219-1.
13. The Court **GRANTS** Doc. 220. The Court **DIRECTS** the Clerk's Office to keep Doc. 220-1 under seal and to remove the provisional seal from Doc. 220.
14. The Court **GRANTS IN PART** Doc. 221 as to AT&T's proposed redactions and **DENIES IN PART** Doc. 221 as to EDN's proposed redactions. The Court **DIRECTS** the Clerk's Office to keep Doc. 221-1 under seal and to

remove the provisional seal from Doc. 221. The Court **ORDERS** EDN to file an updated, redacted version of its response without the rejected redactions.

15. The Court **FINDS AS MOOT** Doc. 222. The Court **INSTRUCTS** the Clerk's Office to remove the provisional seal of Doc. 222.

16. The Court **GRANTS IN PART** Doc. 234 as to AT&T's proposed redactions and **DENIES IN PART** Doc. 234 as to EDN's proposed redactions. The Court **DIRECTS** the Clerk's Office to keep Doc. 234-1 under seal and to remove the provisional seal from Doc. 234. The Court **ORDERS** EDN to file an updated, redacted version of its response without the rejected redactions.

**IT IS SO ORDERED** this 28th day of October, 2026.

BRANTLEY STARR
UNITED STATES DISTRICT JUDGE